IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANNA DOWNEY and<br>JACOB PAGE DREWRY, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| | ) | Case No. 11-cv-1323 |
| v. | )<br>) | Judge Robert M. Dow, Jr. |
| MARSHALL KELTZ,<br>individually and as trustee<br>for William P. Drewry Trust,<br>dated 12/20/1988, | )<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Anna Downey and Jacob Page Drewry sued Defendant Marshall Keltz, successor trustee of the William P. Drewry Trust, both individually and in his capacity as trustee. Before the Court is Keltz's motion to dismiss [9] Plaintiffs' complaint. For the reasons below, the Court grants in part and denies in part Keltz's motion [9].

**I.     Background**

William P. Drewry ("William") established the William P. Drewry Trust ("the Trust") on December 20, 1988. William acted as the sole trustee of the Trust until his death on October 19, 2009, when, under the terms of the Trust, Defendant Marshall Keltz became the sole successor trustee. In addition to being the trustee, Keltz, who was William's partner at the time of his death, is also a named beneficiary of the Trust. The Trust provided Keltz an immediate benefit soon after William's death and further provides that during Keltz's lifetime, he is to receive the income and principal necessary for his "health, maintenance and support." Upon Keltz's death,

the remainder of the trust estate is to be divided among thirteen beneficiaries, including Plaintiffs Anna Downey and Jacob Page Drewry ("Jacob").

Article V, Section 2 of the Trust states that the successor trustee "shall render an account of his/her receipt and disbursements and a statement of assets to each adult vested beneficiary." Despite that provision, and Jacob's written request for an accounting, Keltz has not provided the beneficiaries with an accounting since he became the successor trustee in 2009.

Believing that as adult vested beneficiaries, they are entitled to an accounting of all of Keltz's receipts and disbursements, as well as a statement of the Trust's assets, Plaintiffs sued Keltz seeking an accounting (Count I). In failing to provide such an accounting, Plaintiffs claim, Keltz has breached his fiduciary duty to the thirteen contingent beneficiaries of the Trust. Plaintiffs also seek the removal of Keltz as trustee (Count II). Plaintiffs allege that Keltz is unfit and unqualified to act as a trustee, and that he has breached his fiduciary duties by failing to turn over estate assets that Plaintiffs claim he is not entitled to hold.

Keltz moves to dismiss Plaintiffs' complaint on three grounds, two of which are based on a related case currently pending in Illinois state probate court. First, Keltz claims that this case falls within the "probate exception" to federal jurisdiction, warranting dismissal under Federal Rule of Civil Procedure 12(b)(1). Second, Keltz argues that even if the Court has jurisdiction, Plaintiffs' complaint must be dismissed under Rule 12(b)(7) because Plaintiffs failed to join the necessary parties under Rule 19 and that, if all necessary parties are joined, this Court would no longer have diversity jurisdiction. In the alternative, Keltz argues that the Court should abstain from exercising its jurisdiction under the *Colorado River* doctrine. The Court will address each argument in turn.

**II.     Analysis**

    **A.     The Probate Exception**

Keltz first contends that this Court does not have subject matter jurisdiction, and thus Plaintiffs' case must be dismissed under Rule 12(b)(1).  Federal courts are courts of limited jurisdiction; "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001) (internal quotation marks and citations omitted).  Congress has provided that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states * * *." 28 U.S.C. § 1332(a).  The plaintiff has the burden of establishing jurisdiction. *Transit Express*, 246 F.3d at 1023.  In evaluating a motion brought pursuant to Rule 12(b)(1), the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).  The Court also has the authority "to look behind the plaintiff's allegations and make factual findings for the purposes of assessing its subject matter jurisdiction." *Palay v. United States*, 349 F.3d 418, 424-25 (7th Cir. 2003)

Keltz does not dispute that Plaintiffs have met the requirements of § 1332; rather, he argues that this case falls within the probate exception to the Court's subject matter jurisdiction.  The probate exception is a "judicially created doctrine[]" that limits, in narrow circumstances, the jurisdiction of federal courts. *Marshall v. Marshall*, 547 U.S. 293, 299 & 305 (2006).  The exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to

3

dispose of property that is in the custody of a state probate court." *Id.* at 311-12. Nevertheless, the probate exception "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* at 312. "Thus, an *in rem* action in federal court involving the same *res* that a state court is exercising jurisdiction over is inappropriate, but an *in personam* action in federal court related to the state action may proceed." *Taylor v. Feinberg*, No. 08-CV-5588, 2009 WL 3156747, at *4 (N.D. Ill. Sept. 28, 2009).

Keltz argues that the probate exception applies because the property in dispute here – the Trust – is the subject of litigation before the Probate Division of the Circuit Court of Cook County. In that case, five of William's nieces and nephews who were named beneficiaries in an earlier version of the Trust sued Keltz alleging undue influence and tortuous interference and seeking both the imposition of a constructive trust and Keltz's removal as trustee. Plaintiffs acknowledge in their response to Keltz's motion to dismiss that their request for the removal of Keltz as trustee would affect the administration of the estate and thus falls within the probate exception. See *Marshall*, 547 U.S. at 311. Accordingly, Plaintiffs have abandoned Count II. They assert, however, that their claim for an accounting falls outside the probate exception.

The Court agrees with Plaintiffs as to Count I. In that count, Plaintiffs allege that Keltz's failure to provide an accounting as required by the plain language of the Trust amounts to a breach of his fiduciary duty. Such a claim does not fall within the probate exception. See, *e.g.*, *Jones v. Brennan*, 465 F.3d 304, 307-08 (7th Cir. 2006) (holding that a claim by an heir for breach of fiduciary duty falls outside the probate exception); *Bleecker v. Krantz*, No. 05 C 7309, 2006 WL 2859621, at *3 (N.D. Ill. Sept. 27, 2006) (same); *Hoffman v. Sumner*, 478 F. Supp. 2d 1024 (N.D. Ill. 2007) (concluding that a monetary judgment against an estate due to a breach of fiduciary duty would not "dispose of property" despite the possibility of the state court having to

4

recognize the claim against the estate); see also, *e.g.*, *Chabot v. Chabot*, No. 4:11-CV-217-BLW, 2011 WL 5520927, at *7 (D. Idaho Nov. 14, 2011) (denying the Keltz's motion to dismiss as to plaintiff's request for an accounting); *Tartak v. Del Palacio*, No. 09-1730(DRD), 2010 WL 3960572, at *11 (D.P.R. Sept. 30, 2010) (concluding that "the majority of the relevant jurisprudence holds" that a request for an accounting falls "outside the scope of the probate exception"); *Taylor*, 2009 WL 3156747, at *4 (finding that a claim for an equitable accounting does not interfere with the *res* over which the state court has jurisdiction). Because Plaintiffs' claims, as modified, do not interfere with the administration of the decedent's estate or the state court's disposal of property in its custody, the Court denies Keltz's motion to dismiss Count I on Rule 12(b)(1) grounds. Count II, however, is dismissed without prejudice.

### B. Failure to Join Necessary Parties

Keltz next argues that Plaintiffs' complaint should be dismissed under Rule 12(b)(7) because Plaintiffs failed to join the other contingent beneficiaries as parties, in violation of Rule 19, and because joinder of these required parties is not feasible.[1] Under Rule 19, the Court performs a two-step inquiry. *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999). The Court first determines which parties (if any) are required parties as defined by Rule 19(a). To do this, the Court considers:

> (1) whether complete relief can be accorded among the parties to the lawsuit without joinder, (2) whether the absent person's ability to protect its interest in the subject-matter of the suit will be impaired, and (3) whether any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent person joins the suit.

---

[1] As with a motion to dismiss under Rule 12(b)(1), in ruling on a motion to dismiss pursuant to Rule 12(b)(7), the Court may look beyond the facts alleged in the pleadings. See *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479-80 n. 2, 4 (7th Cir. 2001).

*Id.* (citing Fed. R. Civ. P. 19(a)). If the Court determines that an outside party is necessary to the case and that the party's joinder would not deprive the Court of its jurisdiction, it must "order that the person be made a party." Fed. R. Civ P. 19(a)(2).

If, however, the Court determines that a required party cannot be joined – because, for example, joinder would destroy complete diversity – it turns to Rule 19(b) to "decide what to do about the problem." *Askew v. Sheriff of Cook County, Illinois*, 568 F.3d 632, 635 (7th Cir. 2009). Dismissal is not automatic; "[c]ourts are 'reluctant to dismiss for failure to join where doing so deprives the plaintiff of his choice of federal forum.'" *Id.* (quoting *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001)). The Court must instead "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

Much of Keltz's argument in favor of dismissal is focused on Plaintiffs' claim seeking his removal as trustee. Now that Plaintiff has abandoned Count II, however, and all that remains is Plaintiffs' claim for an accounting, Keltz's argument is less persuasive. First, complete relief can be accorded among Plaintiffs and Keltz without joinder of the other eleven contingent beneficiaries. The only relief that Plaintiffs seek here is an order directing Keltz "to render a full account of all trust assets and all receipts, disbursements, and distributions from the date of death of William P. Drewry to the present[.]" (Compl. at 6.) If warranted, the Court could order such relief without joinder. Second, the other eleven contingent beneficiaries' ability to protect their interests will not be impaired by their absence from this case. Plaintiffs do not seek to alter the distribution of the Trust's assets. The relief that they request will not alter the legal status of the other contingent beneficiaries, nor will it affect the amount of money that they will receive if they survive Keltz. At most, if Plaintiffs' request for an accounting is granted, Plaintiffs will

6

have more information about the Trust than the other eleven will have. Although this may be information to which the other adult vested beneficiaries are also entitled under the terms of the Trust, because a ruling in this case would not affect the other contingent beneficiaries' ability to obtain an accounting, their absence from this case will not impair their interests.

Because the other adult vested beneficiaries may also be entitled to an accounting, there is some risk of multiple lawsuits against Keltz on this issue. An accounting, however, is a discrete obligation, and Keltz presumably would be free to share the result of the accounting with the other eleven, if warranted. Further, the risk of inconsistent obligations is slim here. The Court will be able to determine, based on Illinois law, whether Plaintiffs are entitled to an accounting under Article V, Section 2 of the Trust. The fact that the state court plaintiffs have asked for an accounting as part of their relief in that case is immaterial. The plaintiffs there do not simply seek an accounting based on the language of the Trust; rather, their request for an accounting is secondary to their claims for undue influence, tortuous interference with expectancy, a constructive trust, and removal of Keltz as trustee. If the state court does not grant an accounting in that case, it will not be because the adult vested beneficiaries are not entitled to one under the Trust. It will be because the court determined that the plaintiffs' common law claims have no merit.

In sum, because the other eleven contingent beneficiaries are not required parties under Rule 19(a), the Court denies Keltz's motion to dismiss pursuant to Rule 12(b)(7).

    **C.**    ***Colorado River*** **Abstention**

Having resolved Keltz's arguments under Rule 12(b)(1) and 12(b)(7), the Court turns to the *Colorado River* question. In *Colorado River*, the Supreme Court created "a narrow

exception" to the general rule that the pendency of a lawsuit in state court does not bar proceedings concerning the same manner in federal court. See *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 645 (7th Cir. 2011) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). In "some exceptional cases," federal courts should "defer to a concurrent state-court case as a matter of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* Nonetheless, the Supreme Court has made clear "that federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction that Congress has given them." *Id.* The district court should not go looking for a substantial reason to exercise federal jurisdiction; rather, its task is "to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' * * * to justify the surrender of that jurisdiction.'" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983) (citation omitted).

In determining whether a stay or dismissal is appropriate under the *Colorado River* doctrine, the Court must first ask whether the federal and state cases are parallel. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498 (7th Cir. 2011). In doing so, "the court must ascertain whether 'substantially the same parties are contemporaneously litigating substantially the same issues in another forum.'" *Huon*, 657 F.3d at 646 (quoting *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004)). The critical question is a practical one, focusing on "whether the state case is likely to dispose of" the claims presented in federal court. *Huon*, 657 F.3d at 646 (quoting *Adkins*, 644 F.3d at 499). "'If there is any doubt that cases are parallel, a district court should not abstain.'" *Huon*, 657 F.3d at 646 (quoting *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 520 (7th Cir. 2001)).

8

If the Court determines that the cases are parallel, it then determines whether exceptional circumstances justify abstention. *Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 751 (7th Cir. 2006). The Seventh Circuit has identified ten non-exclusive factors to weigh in making that decision. *Adkins*, 644 F.3d at 500-01. These factors include:

> (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim.

*Id.* "[B]ecause of the presumption against abstention, absent or neutral factors weigh in favor of exercising jurisdiction." *Huon*, 657 F.3d at 648.

Here, the federal and state cases are not parallel. Plaintiffs in this case are two of the eleven listed contingent beneficiaries, whereas the plaintiffs in the state case are family members who, after changes to the Trust late in William's life, are no longer beneficiaries. Now that Plaintiffs have abandoned their claim for Keltz's removal as trustee, the claims in each case are also entirely different, as pointed out above. And while the state court case could have some affect on Plaintiffs' claim here, the resolution of the state court plaintiffs' claims is not likely to dispose of the issue of whether Plaintiffs are entitled to an accounting from whomever is the trustee at the end of the day.

Moreover, even if the cases were parallel – or, if more narrowly, Plaintiffs were likely to obtain an accounting in the state case – the exceptional circumstances required to warrant abstention are not present in any event. Certainly some factors weigh in favor of Keltz's argument: the state court plaintiffs filed suit before Plaintiffs filed this case here, and both cases

9

will be resolved under Illinois law. But the federal case involves a discrete issue relating to the language of the Trust that this Court is confident can be presented with minimal additional briefing and likely resolved before the state court has the opportunity to wade through the thorny and fact-based issues pending before it. With Count II conceded, all that Plaintiffs are seeking is an accounting under the terms of the Trust. Contrary to Defendant's contentions, the Court is not in any way seeking to "elbow its way into the fight for control over this trust," the property of which is under the jurisdiction of the state probate court. Whether the Court grants the narrow relief requested by Plaintiffs will not affect the assets, property, or any other aspect of the estate or the proceedings before the state court judge. Accordingly, the Court concludes that there is no reason for it to decline its "virtually unflagging obligation" to exercise its jurisdiction over this case.

Because the state and federal cases are not parallel and because exceptional circumstances do not warrant abstention here in any event, the Court denies Keltz's motion to abstain from exercising its jurisdiction based on the *Colorado River* doctrine.

10

**III.     Conclusion**

For the foregoing reasons, the Court grants in part and denies in part Keltz's motion to dismiss or, in the alternative, to abstain [9]. The Court grants Keltz's motion as to Count II and denies his motion as to Count I. Count II is dismissed without prejudice. Keltz has until February 17, 2012 to respond to Plaintiffs' motion for injunctive relief and accounting [4]. Plaintiffs' reply, if any, is due on February 28, 2012.

Dated: January 31, 2012

_____
Robert M. Dow, Jr.
United States District Judge